UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.O.,<br><br>      Plaintiff,<br><br>  v.<br><br>MARTIN J. O'MALLEY,<br><br>Commissioner of Social Security,<br><br>      Defendant. | Case No. 8:23-cv-00125-SB-SHK<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the parties' briefing, the relevant records on file, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. The Court has engaged in a de novo review of those portions of the R&R to which Defendant has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

  In accepting the findings and recommendation, this Court agrees that "it is not clear on the record before [it] whether Plaintiff is indeed disabled," and further agrees that the administrative law judge (ALJ) "is in the best position" to make that determination. Dkt. No. 18 at 16. The problem, as noted in the R&R, is that it is unclear whether the ALJ considered Dr. David Kendis's assessment—as it relates

to the determination of Plaintiff's residual functional capacity—that Plaintiff J.O. suffers from "marked impairment" in his ability to maintain emotional regulation.

In addressing Dr. Kendis's opinion, the ALJ identified the two areas of marked limitation assessed by Dr. Kendis—i.e., the ability to adapt to change in routine *and* the ability to maintain emotional regulation. He then states:

> Dr. Kendis is an acceptable medical source who had the opportunity to examine the claimant. Dr. Kendis's opinion of *marked limitations in adapting* [is] not well supported by his own observations of the claimant, and they are not entirely consistent with the test results of the examinations Dr. Kendis administered at the consultative examination. Additionally, marked limitations are not consistent with the evidence as a whole, including Ms. [Helen] Kim's notes that reflect improvement in the claimant's condition with medication compliance and sobriety. They are also not consistent with the claimant's reported activities of daily living. This portion of Dr. Kendis's opinion is therefore not persuasive. However, the remainder of his opinion is otherwise generally persuasive, as it is supported by the limited abnormalities observed by Dr. Kendis on mental status examination, as well as the limited psychiatric abnormalities noted by Ms. Kim.

Dkt. No. 8-3 at 27 (emphasis added).

Notably, the ALJ focuses on Dr. Kendis's opinion of "marked limitations in adapting" and rejects this conclusion based on contrary evidence. Without directly addressing Dr. Kendis's opinion of Plaintiff's marked limitation in his ability to maintain emotional regulation, the ALJ then concludes that "the remainder of [Dr. Kendis's] opinion is otherwise generally persuasive." It is therefore not clear that the ALJ properly considered this opinion and its impact on Plaintiff's residual functional capacity, as required.

Accordingly, remand is appropriate under the circumstances. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) ("Because a judicial judgment cannot be made to do service for an administrative judgment,

when . . . the agency has not considered all relevant factors, or the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (cleaned up); *see also Bentley v. Saul*, 817 F. App'x 424, 426 (9th Cir. 2020) (relying on *Treichler* in remanding a case where the ALJ's opinion did not "explicitly mention" a diagnosed impairment).

It is therefore ordered that the Social Security Commissioner's decision is REVERSED and this case is REMANDED to the Social Security Administration for further proceedings.

Dated: April 29, 2024

HON. STANLEY BLUMENFELD, JR.
United States District Judge